PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2008 Buick Lucerne struck a hole when their son, Byron David Cutlip, was driving at the W.Va. Route 41 and W.Va. Route 55 junction in Nicholas County. W.Va. Route 41 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:30 p.m. on June 14, 2008. W.Va. Route 41 is a paved, two-lane road with a center line and edge lines. The speed limit is fifty-five miles per hour in this area. At the time of the incident, Byron David Cutlip was driving his parents, the claimants, from Salem, Virginia to Craigsville. The driver was proceeding around a curve at forty-five miles an hour or less when he noticed an oncoming log truck that was traveling on the yellow center line. In order to provide space between his parents’ vehicle and the truck, he maneuvered the vehicle closer to the side of the road and struck a hole. Since it was raining and the hole was filled with water, the driver did not notice the hole before the vehicle struck it. The hole was approximately one foot long and extended approximately three or four inches beyond the white edge line. Although the driver is familiar with this road, he did not *195 notice the hole on a prior occasion. However, the driver testified that he was aware that this was a dangerous area. He would normally avoid driving close to the shoulder of the road because it was lower than the road surface. As a result of this incident, claimants’ vehicle sustained damage to its rim and alignment in the amount of $565.87. Since claimants’ insurance deductible at the time of the incident was $500.00, their recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on W.Va. Route 41. John Jarrell, Highway Administrator for respondent in Nicholas County, testified that respondent is responsible for maintaining approximately 700 miles of road in Nicholas County. He stated that W.Va. Route 41 is a high priority road in terms of its maintenance. The DOH 12, a record of respondent’s daily work activities, indicates that respondent had performed maintenance on the shoulder of W.Va. Route41 on March 17,2008. Mr. Jarrell explained that W.Va. Route 41 is a heavily traveled road. He stated that the road is swampy in this area, and the traffic and weather conditions cause the shoulder to erode. The intersection has been overlaid twice in the last ten years. Respondent normally maintains this area approximately twice a year.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $500.00.
Award of $500.00.